IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY PERKINS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:21-CV-1402-D-BH |
| | ) | |
| DALLAS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court is plaintiff's *Notice to Obtain Appointed Attorney*, received November 29, 2022 (doc. 45). After consideration of the relevant filings in this case and the applicable law, the motion is hereby **DENIED**.

"'[T[here is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel.'" *U.S. v. 16,540 in U.S. Currency*, 273 F.3d 1094, *1 (5th Cir. 2001) (per curiam) (quoting *Salmon v. Corpus Christi Indp't Sch. Dist.,* 911 F.2d 1165, 1166 (5th Cir.1990)). Courts in this circuit consider four factors in determining whether a case presents "exceptional circumstances" that justify the appointment of counsel. *See Gonzales v. Carlin*, 907 F.2d 573, 579-80 (5th Cir. 1990) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). These factors include:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Id.* at 579.

---

[1] By order of reference dated July 27, 2022, this *pro se* prisoner case was re-referred for full case management.

The plaintiff has failed to show that appointment of counsel is warranted. He has not shown that this action is complex, or any reason why he cannot adequately research, investigate or present this case on his own. At this stage of the proceedings, it is unclear whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination. If the case proceeds to trial, the Court may on its own motion reconsider whether the circumstances warrant appointing counsel at that time.

The motion for appointment of counsel is **DENIED** without prejudice.

**SO ORDERED this 1st day of December, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE