# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| TERRY PERKINS, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:21-CV-1402-D (BH) |
| ) | |
| DALLAS COUNTY SHERIFF'S ) | |
| DEPARTMENT, ET AL. ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's "F10.01-3 form Petition to Proceed in forma pauperis", received November 29, 2022 (doc. 46), should be **DENIED**.

For the second time, Terry Perkins (Plaintiff) seeks leave to proceed *in forma pauperis* (IFP) on appeal of the judgment under Fed. R. Civ. P. 54(b) (doc. 31), which dismissed all of his claims except for his excessive force against Officer Tyrone Harris. The order denying his first IFP motion (doc. 34) certified that his appeal was not taken in good faith because he failed to raise a nonfrivolous issue for appeal. (*See* doc. 36.)

After Plaintiff filed his current IFP motion, he was advised by order and notice of deficiency dated December 1, 2022 (NOD), that it lacked sufficient detail for an IFP determination. (*See* doc. 48.) He was ordered to submit an IFP application that contained a signed certificate of inmate trust account within thirty days. (*See id.*) He has not responded, however, and his appeal has since been dismissed for want of prosecution. (*See* doc. 49.) His second IFP motion is therefore moot and may be denied on that basis. *See, e.g., Lenard v. United States*, No. 3:20-cv-00585-B-BT, No. 3:14-cr-00451-B(1), 2021 WL 4755955, at *1 (N.D. Tex. Sep. 23, 2021), *rec. accepted* 2021 WL 4748585 (N.D. Tex. Oct. 12, 2021) ("Because Lenard's appeal has been dismissed, payment of the filing fee

---

[1] By order of re-reference dated July 27, 2022 (doc. 32), this *pro se* case has been referred for pretrial management.

for his appeal has been rendered moot. Therefore, the Court should deny Lenard's motion for leave to proceed *in forma pauperis* on appeal.") (capitalization normalized).

Even if the motion is not moot, it is meritless. The determination of an IFP motion on appeal is governed by 28 U.S.C. § 1915(a)(3) and Fed. R. App. 24(a). Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* "To proceed IFP on appeal, [Perkins] must meet the financial criteria and must raise a nonfrivolous issue." *United States v. Rodgers*, 838 F. App'x 111, 112 (5th Cir. 2021) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(1))); *see also Winsley v. Federal Exp. Corp.*, 393 F. App'x 145, 146 (5th Cir. 2010) (per curiam) ("A movant seeking leave to proceed IFP on appeal must demonstrate that she is a pauper and that her appeal is taken in good faith, i.e., that she will raise a nonfrivolous issue on appeal.") (citations omitted). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962); *see also McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006); *see also McCoy v. Harmon*, 738 F. App'x 326, 327 (5th Cir. 2018) (per curiam) ("[General conclusional assertions"—that lack "facts that would entitle [him] to relief on his [dismissed] claim"—do not satisfy the requirement that a movant "address the district court's reason for dismissal.") (citation omitted)). In denying Plaintiff's first

2

IFP motion (doc. 36), the Court found that he presented no non-frivolous issue for appeal for the same reasons stated in the findings, conclusions and recommendation dated July 11, 2022. Plaintiff against fails to present a non-frivolous issue for appeal for those same reasons.

Finally, Plaintiff failed to show that he is entitled to proceed as a pauper. As noted, title 28 U.S.C. § 1915(a) sets forth the standards governing IFP motions. "A federal court may authorize a civil or criminal appeal by a person who provides an affidavit that includes a statement of all assets such person possesses, and he demonstrates that he is unable to pay the fees or give security therfor." *Lenard*, 2021 WL 4755955 at *1 (citing 28 U.S.C. § 1915(a)(1)). A prisoner must also provide a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. *Id.* at § 1915(a)(2). The Court must then examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Plaintiff failed to provide a certified copy of his inmate trust fund account statement, so the Court is unable to determine whether he could proceed as a pauper. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff's second motion for leave to proceed IFP on appeal (doc. 46) should be **DENIED**.

**SO RECOMMENDED** on this 23rd day of January, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE