IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRY PERKINS,           ) | |
|     Plaintiff,      ) | |
| vs.                                 ) | No. 3:21-CV-1402-D (BH) |
|                                        ) | |
| TYRONE HARRIS,        ) | |
|     Defendant.   ) | Referred to U.S. Magistrate Judge[1] |

### MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Application for Issuance of Subpoena,* filed January 31, 2023(doc. 63) is **DENIED**.

### I.

Terry Perkins (Plaintiff), a *pro se* inmate, sues a Dallas County Sheriff's Department detention services officer in his individual capacity for alleged use of excessive force. (*See* docs. 3, 7, 9, 15, 22, 24.)[2]  Tyrone Harris (Defendant) has moved for summary judgment on the basis of qualified immunity. (*See* docs. 59, 60, 67.) Plaintiff appears to seek leave to conduct discovery concerning the qualified immunity defense.  (*See* doc. 63.)  He requests the issuance of subpoenas compelling the presence of Paula Brown, "a witness for the plaintiff"; Elizabeth Lutton, an attorney for the Dallas County Sheriff's Department; and Dr. Azeem Muhammad, an apparent employee of Parkland Hospital and the production of the "following-described books, records, papers or other objects, which are necessary and proper for the purposes of the proceeding: grievance investigation determine [sic], mental health records, health reports, videotape of the incident, official policy." (*Id.*) Defendant responds that the motion should be denied because Plaintiff fails to explain why the

---

[1] By order of re-reference dated July 27, 2022 (doc. 32), this *pro se* case has been referred for pretrial management.

[2] Citations to the record refer to the CM/ECF system number at the top of each page rather than the page numbers at the bottom of each filing.

discovery is necessary to determine the qualified immunity issue. (*See* doc. 69.)

## II.

Defendant has asserted the qualified immunity defense, which shields government officials from liability if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An official's qualified immunity is a defense as well as immunity from suit. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity therefore shields officials "[n]ot only from liability but also from the costs of trial and the burdens of broad-reaching discovery." *Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir. 1991).

All discovery is typically stayed pending a ruling on a defendant's entitlement to the defense of qualified immunity. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion)*; see also Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam). Under certain circumstances, however, the court may permit limited discovery that is narrowly tailored to uncover facts needed for a ruling on that defense. *Wicks*, 41 F.3d at 994. The United States Court of Appeals for the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). This careful procedure does not apply where qualified immunity turns "purely on a question of law", or where "the facts upon which" it turns are "not disputed by

2

the parties." *Wicks*, 41 F.3d at 994 n.9 (citations omitted). Where the procedure does apply, its first step "requires the Court to find that the complaint alleges facts sufficient to overcome qualified immunity. At the second step, the Court must 'identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to qualified immunity.' And the third step requires an examination of the specific discovery requests." *Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2021 WL 321967, at *2 (N.D. Tex. Feb. 1, 2021) (quoting *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014)) (citation omitted).

Consistent with that procedure, the qualified immunity summary judgment scheduling order in this case provides that any request for discovery in support of Plaintiff's response to Defendant's motion should include: (1) the specific interrogatories that Plaintiff wants to send the defendant in his individual capacity; (2) a list of the specific documents or categories of documents he wants to obtain from the defendant in his individual capacity; and (3) an explanation of why this discovery is necessary to enable him to respond to the specific qualified immunity issues raised in the motion for summary judgment. (doc. 54 at 2.)

Here, Plaintiff seeks issuance of subpoenas to third parties, not Defendant. Nevertheless, he has not shown that the discovery he seeks is warranted or necessary for a determination of the qualified immunity issue. As for grievance investigations and "official policy," Defendant has already provided the grievance records related to the use of force incident and the Dallas County Sheriff's Department's use of force policy as exhibits in support of his summary judgment motion. (doc. 60 at 11-25.) To the extent that Plaintiff seeks other policies or grievance investigations, he does not explain their relevance to the qualified immunity issue.

As for the "mental health records" and "health reports," Plaintiff does not explain how these

3

records are relevant to Defendant's qualified immunity defense, or what factual issue they would help to resolve. *See*, *e.g.*, *Bernabe v. Rosenbaum*, Civil Action No. 4:18-cv-00580-O, 2021 WL 1056453, at *13 (N.D. Tex. Mar. 18, 2021) (denying the plaintiff's motion for medical records in the context of a qualified immunity motion for summary judgment in excessive force case where the factual question was not whether the plaintiff was injured but whether the force was justified or excessive under the circumstances).

As for the presence of witnesses, this case has not been set for trial pending a ruling on Defendant's qualified immunity summary judgment motion. To the extent that Plaintiff seeks the presence of witnesses at trial, his request is premature. He does not explain what testimony the witnesses that he seeks to subpoena might offer that is relevant to a disputed factual issue which must necessarily be resolved before deciding if Defendant is entitled to qualified immunity. *See Zapata*, 750 F.3d at 485.

Finally, Plaintiff requests the video tape of the incident. (doc 63.) Defendant's summary judgment evidence indicates that a video of the incident did exist at one time, but it was "recorded over" in accordance with protocol and not saved. (doc. 60 at 8.) Plaintiff provides no argument or evidence to call that assertion into question. Authorizing a subpoena as to this video evidence would be futile. *See*, *e.g.*, *Hamilton v. Belle of Baton Rouge Casino and Hotel*, CIVIL ACTION NO. 20-226-SDD-SDJ, 2020 WL 7264458, at *4 (M.D. La. Dec. 10, 2020) (noting, and citing an abundance of authority in support, that the court could not compel the defendants to produce video surveillance that does not exist).

## III.

Plaintiff's *Application for Issuance of Subpoena* (doc. 63) is **DENIED**. He must file his

response to the *Motion for Summary Judgment Based on Qualified Immunity of Defendant Tyrone Harris* within thirty (30) days of the date of this order, **March 31, 2023**. Defendant may file a reply within twenty-one days of the filing of Plaintiff's response.

    **SO ORDERED this 1st day of March, 2023.**

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE